IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 03–cv–01661–EWN–PAC

RHONDA VALDEZ,

    Plaintiff,

v.

BRYAN ALLEN, Casemanager,
SOUTHERN CORRECTIONS SERVICES, INC., and
AVALON CORRECTIONS SERVICES, INC.,

    Defendants.

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

This matter is before the court on the "Recommendation of United States Magistrate Judge" filed November 8, 2004. The recommendation is that the complaint must be dismissed because plaintiff has failed to exhaust her administrative remedies. Plaintiff has objected to the recommendation. She makes two arguments. First, she claims that the requirement does not apply to her, because she was released from custody during the pendency of her case. Second, she claims in any event to have exhausted her administrative remedies.

The pertinent federal statute provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C.A. § 1997e(a) (2005). The term "prisoner" is defined elsewhere:

> As used in this section [1997e], the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

42 U.S.C.A. § 1997e(h).

Plaintiff was a prisoner when she filed her complaint on August 29, 2003. Judging from her notice of change of address, filed March 30, 2004, she must have been released by that date. Although this court has located no controlling appellate authority, the Eighth Circuit has held that a juvenile released from custody *at the time he brought suit* does not fit the definition of the term "prisoner." *Doe v. Washington County*, 150 F.3d 920, 924 (8th Cir. 1998). Although it did not squarely decide the issue, the *Doe* court suggested that the time for testing when a person meets the definition of a "prisoner" is when the person files a lawsuit:

> The policy behind the PLRA was to deter suits by inmates who are very quick to litigate "simply because they have little to lose and everything to gain." 141 Con. Rec. S7524 (daily ed. May 25, 1995) (statement of Sen. Dole). The PLRA was designed to discourage the initiation of litigation by a certain class of individuals--prisoners--that is otherwise motivated to bring "frivolous complaints as a means of gaining a short sabbatical in the nearest Federal courthouse." 141 Con. Rec. S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl). Congress therefore fully intended to distinguish between those who are "prisoners" *when they decide whether to file a complaint* and those who are not.

*Id.* (emphasis added). This court agrees that one who meets the definition of the term "prisoner" when she files suit must have exhausted her administrative remedies. The result is consistent with the purposes of the Prisoner Litigation Reform Act, and a contrary result would irrationally rest on the fortuitous and irrelevant circumstance of release after the lawsuit is filed. Thus, the court concludes that the exhaustion requirement does apply to plaintiff.

Plaintiff's suggestion that she has sufficiently alleged exhaustion flies in the face of controlling authority. In *Steele v. Federal Bureau of Prisons,* 355 F.3d 1204, 1210–11 (10th Cir. 2003), the court held that exhaustion is a matter which must be pled by plaintiff. The court directed that plaintiffs must attach documentation of administrative dispositions or at least "describe with specificity the administrative proceeding and its outcome." *Id.* The general conclusory assertion that plaintiff has exhausted "all administrative remedies available to her" is sufficient under *Steele*. Accordingly, it is

**ORDERED** as follows:

1. The recommendation is ACCEPTED.

2. The complaint is DISMISSED without prejudice.

DATED this  28th  day of September, 2005.

BY THE COURT:

s/Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge